**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Julius STEVENS, a.k.a. Judog,**
**Defendant–Appellant.**

**No. 12–12274**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 11, 2012.

Wifredo A. Ferrer, Armando Rosquete, Kathleen Mary Salyer, Anne Ruth Schultz, Alejandro Oscar Soto, William Carter White, U.S. Attorney's Office, Miami, FL, for Plaintiff–Appellee.

Julius Stevens, Coleman, FL, pro se.

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Julius Stevens appeals the denial of his *pro se* Rule 36 motion to correct his presentence investigation report (PSI). Stevens argues that because a prior conviction for "Possession of Cannabis" listed in the criminal history section of his PSI was classified as a felony rather than a misdemeanor, he was incorrectly considered a career offender by the district court when it originally sentenced him.

We review legal issues presented in a Rule 36 motion to correct a judgment *de novo*. *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir.2004). Rule 36 allows a court to correct at any time "a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed.R.Crim.P. 36. Rule 36 does not allow for a substantive correction or alteration to a criminal sentence. *Portillo*, 363 F.3d at 1164.

The district court correctly denied the Rule 36 motion. Even assuming the district court originally considered the "Possession of Cannabis" charge to be a felony, such a correction would not be clerical in nature. Rather, such a correction would result in a substantive alteration to a criminal sentence, particularly if it would change Stevens' career offender status. Accordingly, Rule 36 was not the correct basis for Stevens' requested relief, and we affirm.

**AFFIRMED.**